IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MYLAN PHARMACEUTICALS, INC., et al.,

      Plaintiffs,

vs.                                                   Civil Action No. 1:03CV16

MORVILLO, ABRAMOWITZ, GRAND,
IASON & SILBERBERG, P.C.,

      Defendants

*and*

MYLAN PHARMACEUTICALS, INC., et al.,

      Plaintiffs,

vs.                                                   Civil Action No. 1:03CV180

CLIFFORD CHANCE US LLP, et al.,

      Defendants.

## OPINION/ORDER DECIDING DOCKET ENTRY 343

This is a professional malpractice action filed by Mylan Pharmaceuticals Inc., *et al.*, hereinafter called "Mylan," against Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., hereinafter called "Morvillo," and Clifford Chance US LLP, *et al.*, hereinafter called "Chance," lawyers who previously represented Mylan in the *In re Lorazepam & Clorazepate Antitrust*

1

*Litigation, MDL No. 1290* and related MDL cases, hereinafter called "anti-trust litigation."

## I. Procedural History

Mylan filed its "Motion to Compel a Response to its Request for Documents Reflecting the Costs and Expenses Billed by CCRW to Mylan" on February 6, 2006 [Docket Entry 343-1]. Chance filed its "Memorandum in Opposition" to Mylan's Motion on February 23, 2006. [Docket entry 358]. Mylan filed its Reply on March 6, 2006 [Docket Entry 362].

## II. Contentions of the Parties

Mylan argues it is entitled to documents underlying the expenses Chance charged to it and asserts Chance's excuses for withholding these documents do not hold up.

Chance argues Mylan's motion is untimely and Mylan's request is "an extraordinarily burdensome fishing expedition."

## III. Facts

This case was filed in February 2003. This motion concerns Mylan's First Set of Document Requests and First Set of Interrogatories served on Chance in September 2004. Chance served its objections and responses to Mylan's discovery requests on November 15, 2004.

Document Request 31 and the response thereto are as follows:

31. All receipts, invoices, expense reimbursement forms or logs, expense summaries, or other DOCUMENTS that evidence, reflect, refer to or relate to the costs invoiced by CCRW to MYLAN in connection with the L&C LITIGATION.

Response: In addition to their general objections above, Defendants object that the request is overbroad and seeks documents that Defendants cannot produce without undue burden.
Subject to, and without waiving, the above objections, Defendants respond that they will produce responsive **documents sufficient to show costs invoiced to Mylan**.

(Emphasis added).

On February 10, 2005, Mylan filed a Motion to Compel [Docket Entry 122]. As regards Request 31, Mylan wrote:

**GROUP NO. 10:** Vague Responses (Document Request Nos. 6 through 27, 31, 124 through 139, and 150 through 153):

> In addition to the foregoing specific requests, Mylan has unsuccessfully sought clarification of Clifford Chance's responses to a number of unrelated requests: Request Nos. 6-27, 31, 124-139, and 150-153. Mylan has not reprinted verbatim these requests and responses in this Memorandum because their substance is not at issue. <u>Instead, what Mylan seeks is confirmation that Clifford Chance is producing all responsive documents</u>.

(Emphasis added).

In its Response to the Mylan's Motion to Compel served March 3, 2005, Chance wrote:

**X. "Group 10":** Supposedly Vague Responses

> Mylan complains that Clifford Chance has not clarified the extent of its production of documents responsive to certain requests to which Clifford Chance has objected in part. Mem. 39. In contravention of L.R.Civ. P. 37.02(a)(1), it fails to state "[v]erbatim each discovery request or disclosure required and any response thereto to which an exception is taken." It is therefore not possible, nor incumbent upon Clifford Chance to address the particulars of Clifford Chance's objections to each of the 43 discovery requests Mylan purports to be addressing here. In any event, Mylan's claim that "it is unclear whether documents are being withheld on the basis of the objections or whether Clifford Chance has produced all responsive documents," and that "Clifford Chance failed to provide any clarification," reflects a misrepresentation of the parties' January 7, 2005 meet-and-confer conference, at which Clifford Chance clarified that it intended to produce all responsive documents that it had located, <u>other than encompassed by its objections</u>. Hodges Decl. P. 7. Mylan now simply ignores that fact.

> Clifford Chance stated in its objections which documents it is and is not producing, and has not withheld any document for reasons other than those stated in its objections. Clifford Chance is under no duty to categorize what it has produced – rather, it is obligated to produce documents as they were kept in the ordinary course of business, which it has done. Fed. R. Civ. P. 34(b). Moreover, counsel for Clifford

3

Chance prepared and delivered to counsel for Mylan a detailed index of all files produced, even though this was not required under the federal Rules or the Local Rules. See Hodges Decl. Ex. A.

Clifford Chance has made every reasonable effort to provide Mylan with clarity as to which documents it has produced and which it is withholding on the basis of its objections. If Mylan believes in good faith the [sic] any question remains regarding the extent of Clifford Chance's production, it should have stated its complaints specifically, as the Local Rules require, and should have explained to the Court why it is revisiting issues that the parties worked out during the meet-and-confer conferences.

In Mylan's Reply in support of its Motion to Compel, it wrote:

**GROUP 10**: Vague Responses (Request Nos. 6-27, 31, 124-139, and 150-153).

With respect to this group of requests, Clifford Chance refuses to provide a simple clarification. Mylan simply needs to know whether some responsive documents are being withheld based on the objections asserted or whether all responsive documents are being produced. Rather than provide a straightforward "yes" or n"no" answer, Clifford Chance continues to equivocate even in its opposition. It argues that is not required to address Mylan's request for clarification because Mylan has failed to state each of the foregoing requests and Clifford Chance's responses verbatim. As Mylan explained in its moving papers, Mylan has not done so because the substance of the requests is not at issue. <u>All that is necessary is for Clifford Chance to confirm that it is producing all responsive documents notwithstanding its objections or to make clear if it is instead withholding some documents based on those objections.</u>

Clifford Chance states that it produced an index of the files it has produced. But that index does not clarify whether Clifford Chance is withholding responsive documents. Clifford Chance should be required to (1) clarify its responses to confirm that it will produce all responsive documents, and (2) if it has not already done so, produce all responsive documents.

(Emphasis added).

The undersigned Magistrate Judge held a hearing on April 14, 2005, to address pending motions. As regards Request No. 31, the following colloquy took place:

THE COURT: All right. To Chance, we're now the - - relative to Mylan's document Request No. 6, 27, 31, 124 through 139, and 150 to 153. They complain that basically, you haven't produced the documents. My question is on the record,

4

|              |                                                                                                                                                                                                                                                                                                                                                                                                                                          |
| ------------ | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|              | have you produced all the documents responsive to "the requests"? Yes or no.                                                                                                                                                                                                                                                                                                                                                                 |
| MR. HODGES:  | The answer, Your Honor, is yes, subject to our objections.                                                                                                                                                                                                                                                                                                                                                                                   |
| THE COURT:   | That's an equivocal answer.                                                                                                                                                                                                                                                                                                                                                                                                                  |
| MR. HODGES:  | Well, it is but it's not a question that lends itself to an absolute answer which is what I believe, Mylan wants. To give you an example, there are several times when we have objected to time periods, for example, that we have said we'll produce for a certain time period but not going back all the way in history because that would be too burdensome. So in cases like that, yes, we could have produced everything, but are there other documents in those other time periods. My answer to that is, we have objected to even looking because we think that the burden of looking is what's the problem. |
| THE COURT:   | All right, Mylan.                                                                                                                                                                                                                                                                                                                                                                                                                            |
| MR. HODGES:  | May I say one thing, Your Honor, It's not been our intent to hide anything or to be evasive in these responses but when Mylan asks us, have you produced everything yes or no, my answer has to be, well, subject to the objections we have.                                                                                                                                                                                                 |
| THE COURT:   | In other words, no.                                                                                                                                                                                                                                                                                                                                                                                                                          |
| MR. HODGES:  | Well, in other words – in other words, no, but we have explained why we are not producing certain categories.                                                                                                                                                                                                                                                                                                                                |
| THE COURT:   | And I'm not being critical of that, sir. I'm just saying, the answer is no. If it said all documents and you didn't produce all documents, that's a no. You may have valid objections to them, that isn't in front of me right now. Mylan didn't ask for that. Mylan asked for a clarification for some declaration on the record and the answer is unequivocally, no, you haven't produced all the documents because you objected to some. |
| MR. HODGES:  | That's a fair statement, Your Honor.                                                                                                                                                                                                                                                                                                                                                                                                         |
| THE COURT:   | You go[t] that answer Mylan?                                                                                                                                                                                                                                                                                                                                                                                                                 |
| MR. SCHEIBE: | I do, Your Honor, I guess –                                                                                                                                                                                                                                                                                                                                                                                                                  |
| THE COURT:   | And if you want to bring it back in front of me, you'll have to go back and look at those and see if you can live with what you got or what you haven't                                                                                                                                                                                                                                                                                      |

5

|               |                                                                                                                                                                                                                                                                                                                                                                    |
| ------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
|               | got.                                                                                                                                                                                                                                                                                                                                                               |
| MR. SCHEIBE:  | Your Honor, it is helpful in one regard, but given the number of requests, would it be possible to require Clifford chance to specify with respect to each of those whether there are documents that were not produced?                                                                                                                                            |
| THE COURT:    | At this time, I am denying Group No. 10 without prejudice and if you want to come back and ask and the reason it's without prejudice is, because it's not in front of me. You asked for a declaration, you've got it. You can look through all the materials that you are going to get as a result of the rulings today or not get and decide what else you need. All right? |
| MR. SHEIBE:   | We will do that, Your Honor, thank you.                                                                                                                                                                                                                                                                                                                            |
| THE COURT:    | Okay. I think that takes care of Motion Docket 122 in its entirety.                                                                                                                                                                                                                                                                                                |

The undersigned finds that Mylan was put on notice on April 14, 2005, that Chance was not producing all the documents responsive to Request No. 31. Yet Mylan did not file a Motion to Compel Responses at that time. Mylan states: "CCRW continued to produce documents responsive to Mylan's discovery requests well into October 2005." Yet Mylan did not file a Motion to Compel in October 2005. Mylan next states: "In November 2005, after Mylan was able to complete its review of the material produced to it by CCRW, Mylan determined that CCRW had not produced the documents sought by Request No. 31. Indeed, contrary to CCRW's representation, it did not produce any of the receipts, invoices, expense reimbursement forms, expense summaries or other documents sought by Request No. 31."[1] Yet Mylan did not file a Motion to Compel at that time. Mylan next writes:

> As a result, Mylan wrote to CCRW informing CCRW of the deficiency in its production and requesting that CCRW produce the material responsive to Request No. 31. See Letter from Adam S. Ennis to John E. Schmidtlein, dated Nov. 14, 2005 .... CCRW responded that it would notify Mylan "whether there exist any additional documents that reasonably may be gathered and produced." See Letter from John E.

---

[1] Chance disagrees with this assertion.

6

Schmidtlein to Adam S. Ennis, dated Dec. 1, 2005 . . . . However, rather than doing what it promised and informing Mylan whether responsive documents could be located and produced, CCRW ultimately informed Mylan that it would not produce any of the documents supporting the expenses for which it sought and received reimbursement from Mylan during the time it represented Mylan. See letter from John E. Schmidtlein to Adam S. Ennis, dated Jan. 3, 2006 . . . . This motion followed.

The undersigned finds Mylan was put on notice that Chance was not producing all the documents responsive to Request 31 by Chance's Responses served in November 2004; by Chance's Response to the Motion to Compel filed in March 2005; and finally at the hearing on the motions held in April 2005. Even if one considers Mylan's argument that it was waiting to see what Chance would produce after the hearing, the <u>absolute latest</u> Mylan would have known it was not getting any further documents responsive to Request 31 was January 3, 2006. Yet Mylan waited until February 6, 2006, the day before the close of discovery, to file its Motion to Compel. The undersigned again notes that these requests were originally filed in September 2004. The undersigned conducted a hearing on the motion to compel, and then the District Judge held a hearing to address the parties' objections to the undersigned's rulings on September 8, 2005. Yet these same requests are being revisited again.

The undersigned also notes that the discovery cutoff date has been enlarged twice by the District Judge. Discovery originally was to end September 30, 2005. The schedule was amended in May 2005, making the discovery cutoff November 30, 2005. Finally, on November 10, 2005, the discovery cutoff was changed to February 7, 2006, one day after Mylan's motion was filed. The amended scheduling order, like all the scheduling orders in this matter, contains the following paragraph:

1.    DISCOVERY:    All discovery shall be completed by February 7, 2006. "Completed

7

Discovery" as used in Fed.R.Civ.P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of civil Procedure to make responses.

For all the above reasons, the undersigned finds that Mylan's Motion to Compel a Response to its Request for Documents Reflecting the costs and Expenses Billed by CCRW to Mylan [Docket Entry 343] is untimely, and therefore should be and hereby is **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send copies of this Order to all counsel of record.

DATED: March 8 , 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE